FILED
IN CLERKS OFFICE
2004 OCT 20 A 9:37
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AIRFLOW PRODUCTS COMPANY, INC. <br> Plaintiff <br> v. <br> BOSTON FILTER CO., INC. <br> Defendant <br> and <br> FLEET BANK <br> Trustee | Civil Action No. 04CV12193 REK |

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND TRUSTEE PROCESS ATTACHMENT**

I, Roy Boswell, President of the Plaintiff, Airflow Products Company, Inc. ("Airflow"), in the above-entered cause of action, having been duly sworn, and based upon personal knowledge, and based upon the books and records of Airflow, do hereby state on oath as follows:

1. I have read the allegations contained in the Verified Complaint filed herein, and all the statements therein are true, except those alleged upon information and belief, and as to those I believe them to be true.

2. Pursuant to Exhibit "C" to the Verified Complaint, the Defendant, Boston Filter Co., Inc. ("Boston Filter") owes the Plaintiff, Airflow the principal sum of $86,722.90.

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043
(781) 740-4118

3.  This is a suit to recover that sum, $86,722.90 as a result of the Defendant Boston Filter's failure and refusal to provide payment to the Plaintiff, Airflow for heating, ventilating and air conditioning ("HVAC"), goods, equipment and materials provided to it by the Plaintiff, Airflow, at the request of the Defendant, Boston Filter.

4.  Airflow has been providing HVAC goods, materials and equipment to Boston Filter over a long period of time.

5.  Boston Filter orders the HVAC materials and equipment from Airflow, whereupon Airflow delivers the HVAC goods, material and equipment to Boston Filter, and concurrently invoices Boston Filter for said HVAC goods and materials.

6.  The terms and conditions of the relationship are set forth in the document entitled "terms and conditions" attached to the Verified Complaint as Exhibit "A". Those terms and conditions require payment, to Airflow from Boston Filter, on a Net 30-day basis.

7.  Since February 2004, Airflow has sold HVAC materials and equipment to Boston Filter, and invoiced Boston Filter for those goods and materials.

8.  The balance of the invoices, unpaid to date is $86,722.90.

9.  Significantly, of invoices totaling $180,565.17, Boston Filter has paid only $93,842.27. With additional credits of $2,030.72, Boston Filter owes Airflow the principal sum of $86,722.90.

10. As reflected by the Statement of Account attached to the Verified Complaint as Exhibit "C", Boston Filter has been sending Airflow irregular, erratic and partial payments since June of this year. The last payment Airflow received was

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

2

$2,000.00 on September 17, 2004.

11. Recently, I have been attempting to contact representatives of Boston Filter to discuss the account. The numerous phone calls I have made have gone ignored.

12. Airflow has received no complaints whatsoever from Boston Filter regarding any of the equipment in question.

13. Boston Filter is what is known as a "buy and resell" company. It buys HVAC equipment from Airflow and thereafter resells it to third parties.

14. Upon information and belief, Boston Filter has purchased these items from Airflow, not paid for them, sold them to third parties, then been paid for the equipment by third parties, and thereafter neglected to pay Airflow and kept the monies for its own use and benefit.

15. On numerous occasions, Boston Filter has promised to pay the remaining balance due to Airflow. Airflow relied upon these promises of payment by Boston Filter, and thereby lost its right to place mechanic's liens on the various projects on which the items were incorporated.

16. As a result, Airflow has lost its right to file a mechanic's liens on these projects due to the expiration of the lien periods.

17. The Plaintiff, Airflow believes that Defendant, Boston Filter has no defense to its obligations to pay the principal sum of $86,722.90 to the Plaintiff, Airflow.

18. I believe that the Defendant, Boston Filter is experiencing serious financial difficulties. I make the statement based upon the failure of Boston Filter to pay the amounts due and owing, my belief that they sold the materials, received payment and did

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

3

not pay Airflow, the irregular payments it has made towards the outstanding balance due, and its failure to respond to numerous demands by Airflow to receive payment.

19. I know of no liability insurance of the Defendant, Boston Filter available to satisfy any judgment which the Plaintiff, Airflow may obtain in this action.

20. I am unaware of any real estate owned by the Defendant, Boston Filter.

21. I believe the account of Boston Filter maintained with the Trustee, Fleet Bank is its only asset of significance.

22. Airflow has no collateral or security for the obligations of the Defendant, Boston Filter.

23. I believe that there is a strong likelihood that the Plaintiff, Airflow will recover judgment in an amount equal to a greater than the amount being requested from the Defendant, Boston Filter.

24. Due to the fact that the Defendant, Boston Filter has accepted the HVAC equipment and materials provided by the Plaintiff, Airflow without complaint, received the benefit of those materials supplied by Airflow, the fact that the Defendant, Boston Filter was likely paid by the third parties for the HVAC equipment in question, the fact that Boston Filter misrepresented to Airflow that it would be paid once Boston Filter was paid, the fact that the Defendant, Boston Filter is experiencing financial difficulties, has failed to acknowledge or respond to request for payment, made irregular payments and has no other assets other than the account with Fleet Bank, I believe that Boston Filter will withdraw, dispose of, or conceal the funds on deposit with the Trustee, Fleet Bank, if notified in advance of the Plaintiff's Ex Parte Motion for Trustee Process Attachment.

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

25. I also believe that under these circumstances, Boston Filter will withdraw, dispose of, assign, conceal, transfer or dissipate its other assets, whatever they may be, if notified in advance of the Plaintiff's Ex Parte Motion for a Temporary Restraining Order.

26. If the Defendant, Boston Filter is able to withdraw, dispose of, or conceal the funds on deposit with the Trustee, Fleet Bank, before those funds are attached and/or the Defendant, Boston Filter is restrained from transferring its assets, real personal or mixed, it is unlikely that the Plaintiff, Airflow will be able to recover in full, the judgment it expects to obtain against the Defendant, Boston Filter in this action.

Signed under the pains and penalties of perjury.

Date: 10.19.4                              *Roy Boswell* (signature)
                                           Airflow Products Company, Inc.
                                           By Roy Boswell
                                           Its President


f:\wp61\docs\air-bos.aff

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

5