UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AIRFLOW PRODUCTS COMPANY, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 04CV12193REK |
| ) | |
| BOSTON FILTER CO., INC. and ) | |
| JOHN PAUL ) | |
| ) | |
| Defendants ) | |
| ) | |
| and ) | |
| ) | |
| FLEET BANK ) | |
| ) | |
| Trustee ) | |

## AMENDED VERIFIED COMPLAINT

### JURISDICTION AND VENUE

1.  Jurisdiction of this action is proper in this Court under the provisions of U.S.C. Section 1332(a), diversity of the parties' citizenship insofar as there is diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00.

2.  Venue of this action is proper in this District under the provisions of 28 U.S.C. Section 1391(a), insofar as one of the Defendants is a Massachusetts corporation with a principal place of business in the Commonwealth of Massachusetts and the other is an individual who resides in Massachusetts.

### PARTIES

3.  The Plaintiff, Airflow Products Company, Inc., is a North Carolina corporation, with a principal place of business at 100 Oak Tree Drive, Selma, North

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043
(781) 740-4118

Carolina, 27576 (hereinafter "Airflow").

4. The Defendant, Boston Filter Co., Inc., is, upon information and belief, a Massachusetts corporation with a principal place of business at 131 West Main Street, Orange, Franklin County, Commonwealth of Massachusetts, 01364 (hereinafter "Boston Filter").

5. The Defendant, John Paul, is an individual, who, upon information and belief, resides in Franklin County, Commonwealth of Massachusetts (hereinafter "John Paul").

6. The Trustee, Fleet Bank, is, upon information and belief, a financial institution organized under the laws of the Commonwealth of Massachusetts, with a place of business in Boston, Suffolk County, Commonwealth of Massachusetts (hereinafter referred to as "Fleet").

## STATEMENT OF FACTS

7. On or about February of 2004, Airflow entered into an agreement with Boston Filter, whereby Airflow agreed to sell certain heating, ventilating and air conditioning ("HVAC") equipment to Boston Filter, and Boston Filter agreed to pay Airflow for the equipment ordered, sold and delivered. (See copy of Terms and Conditions 2004 outlining the payment terms and conditions between Airflow and Boston Filter attached hereto and incorporated herein by reference as Exhibit "A").

8. On or about February of 2004, and on various dates thereafter, the Defendant, Boston Filter ordered HVAC materials and equipment from Airflow.

9. Airflow provided the HVAC equipment and materials to Boston Filter, as

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

2

ordered.

10. Airflow forwarded invoices to Boston Filter, representing the amounts charged for the HVAC materials and equipment provided by Airflow to Boston Filter. (See copies of invoices attached hereto and incorporated herein by reference, collectively, as Exhibits "B1 through B9").

11. The unpaid balance due to Airflow by Boston Filter for the goods sold and delivered is $86,722.90. (See Statement of Account dated September 23, 2004 attached hereto and incorporated herein by reference as Exhibit "C").

12. Despite numerous demands by the Plaintiff, Airflow, upon the Defendant, Boston Filter, the Defendant has failed, neglected and refused, and continues to fail, neglect and refuse to pay the Plaintiff, Airflow the total sum of $86,722.90.

13. Upon information and belief, Boston Filter sold the goods and products to third parties and received payments for said products.

14. Upon information and belief, Boston Filter and its principal, John Paul, kept the monies received for those products, thereby converting said funds.

15. Upon information and belief, Boston Filter is the alter ego of John Paul.

16. Upon information and belief, there are goods, effects, or credits of the Defendant, Boston Filter, in the possession of the Trustee, Fleet Bank.

## CAUSES OF ACTION

### COUNT I
(Breach of Contract; Boston Filter)

17. The Plaintiff realleges, reavers and incorporates herein the allegations

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4116

contained in Paragraphs 1 through 16 above.

18. On or about February 2004, Airflow entered into a contract with Boston Filter, pursuant to which Airflow agreed to provide HVAC equipment and materials to Boston Filter, and Boston Filter agreed to pay Airflow for said HVAC materials and equipment.

19. On or about February 2004, and on various dates thereafter, Airflow provided HVAC materials and equipment to Boston Filter.

20. Thereafter, Airflow submitted invoices to Boston Filter for said goods and materials.

21. Boston Filter has breached its agreement with Airflow by neglecting, failing and refusing to pay Airflow the sum of $86,722.90.

22. The Plaintiff, Airflow has suffered damages as a result of the Defendant, Boston Filter's breach of the parties' agreement.

23. WHEREFORE, the Plaintiff, Airflow Products Company, Inc. demands judgment against the Defendant, Boston Filter Co., Inc., in the principal sum of $86,722.90, plus interest and costs.

### COUNT II
(Account Annexed; Boston Filter)

24. The Plaintiff realleges, reavers and incorporates herein the allegations contained in Paragraphs 1 through 23 above.

25. WHEREFORE, the Defendant, Boston Filter Co., Inc., owes the Plaintiff, Airflow Products Company, Inc., the principal sum of $86,722.90, plus accrued interest,

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

4

and costs, in accordance with the account annexed hereto, and specifically incorporated herein by reference as Exhibit "C".

## COUNT III
(Quantum Meruit; Boston Filter)

26. The Plaintiff realleges, reavers and incorporates herein the allegations contained in paragraphs 1 through 25 above.

27. On or about February, 2004, and on various dates thereafter, the Plaintiff, Airflow, provided HVAC equipment and materials for the benefit of the Defendant, Boston Filter.

28. The reasonable value of the HVAC materials and equipment provided, unpaid to date, is $86,722.90.

29. WHEREFORE, the Defendant, Boston Filter Co., Inc., owes the Plaintiff, Airflow Products Company, Inc., the sum of $86,722.90, plus interest and costs.

## COUNT IV
(M.G.L. Chapter 93A, Section 11; Boston Filter)

30. The Plaintiff realleges, reavers and incorporates herein the allegations contained in Paragraphs 1 through 29 above.

31. Airflow is engaged in trade or commerce as defined by M.G.L., chapter 93A.

32. Boston Filter is engaged in trade or commerce as defined by M.G.L., chapter 93A.

33. The acts and events relative to this action occurred primarily and substantially within the Commonwealth of Massachusetts.

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

34. Despite numerous demands by Airflow upon Boston Filter, Boston Filter has failed, neglected and refused, and continues to fail, neglect and refuse to pay Airflow the monies due and owing.

35. The actions of the Defendant, Boston Filter, as outlined above, are wilfully and knowingly in violation of M.G.L., chapter 93A, section 11, to wit, failing to pay a liquidated debt, and forcing Airflow to initiate litigation to collect same.

36. Airflow has suffered substantial damages as a result of Boston Filter's unfair and deceptive acts and practices.

37. WHEREFORE, the Plaintiff, Airflow Products Company, Inc., demands judgment against the Defendant, Boston Filter Co., Inc., in the principal sum of $86,722.90, said amount trebled, or $260,168.70, plus interest, costs and attorneys' fees.

## COUNT V
(Injunctive Relief; Boston Filter)

38. The Plaintiff realleges, reavers and incorporates herein the allegations contained in Paragraphs 1 through 37 above.

39. Airflow has a reasonable likelihood of success on the merits in this action.

40. The balance of interests weighs heavily in favor of the Plaintiff, Airflow and against the Defendant, Boston Filter.

41. Upon information and belief, the Defendant, Boston Filter owns no real estate.

42. Upon information and belief, Boston Filter has sold the HVAC materials and equipment in question, received payment from third parties for said HVAC materials

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

and equipment, and kept the funds paid for its own use and benefit.

43. Upon information and belief, the goods, effects or credits of the Defendant, Boston Filter on deposit with the Trustee, Fleet Bank are insufficient to satisfy, in full, the amounts owed to Airflow by Boston Filter.

44. As a result, Airflow submits that it will be irreparably harmed if its request for injunctive relief is not granted.

45. WHEREFORE, the Plaintiff, Airflow Products Company, Inc., requests that this Court grant a temporary restraining order, preliminary injunction, and permanent injunction, restraining the Defendant, Boston Filter Co., Inc., its agents, servants, successors, assigns, attorneys and/or representatives from selling, assigning, transferring, releasing, diminishing, withdrawing, encumbering, conveying or disposing of in any manner any property, real, personal or mixed, of any nature whatsoever, in which Boston Filter Co., Inc. holds an interest of any nature whatsoever, wherever situated, including but not limited to all accounts, property, personal property, and any and all monies, funds, goods, effects or credits of Boston Filter Co., Inc. unless and until Airflow Products Company, Inc. has been paid the monies sought in this action, or until further order of this Court.

## COUNT VI
(Conversion; John Paul)

46. The Plaintiff realleges, reavers and incorporates herein the allegations contained in Paragraphs 1 through 45 above.

47. Upon information and belief, the Defendant, John Paul converted monies

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

7

belonging to the Plaintiff, Airflow Products Company, Inc.

48. Said conduct on the part of John Paul is in contravention of the property rights and interests of Airflow Products Company, Inc.

49. As a result thereof, Airflow Products Company, Inc. has been damaged.

50. WHEREFORE, the Plaintiff, Airflow Products Company, Inc. demands judgment against the Defendant, John Paul, in the principal sum of $86,722.90, plus interest, and costs.

### COUNT VII
(Alter Ego; John Paul)

51. The Plaintiff realleges, reavers and incorporates herein the allegations contained in Paragraphs 1 through 50 above.

52. Upon information and belief, Boston Filter is the alter ego of John Paul.

53. Upon information and belief, John Paul has used assets of Boston Filter for his own personal use and benefit.

54. Upon information and belief, Boston Filter has failed to comply with corporate formalities.

55. WHEREFORE, the Plaintiff, Airflow Products Company, Inc. demands judgment against the Defendant, John Paul, in the principal sum of $86,722.90, plus interest, and costs.

### PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Airflow Products Company, Inc., prays as follows:

1. For judgment against the Defendant, Boston Filter Co., Inc., in accordance with Count I, for breach of contract, in the principal sum of $86,722.90, plus interest, and costs.

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

1.  For judgment against the Defendant, Boston Filter Co., Inc., in accordance with Count I, for breach of contract, in the principal sum of $86,722.90, plus interest, and costs.

2.  For judgment against the Defendant, Boston Filter Co., Inc., in accordance with Court II, for account annexed, in the principal sum of $86,72.90, plus interest and costs.

3.  For judgment against the Defendant, Boston Filter Co., Inc., in accordance with Count III, for quantum meruit, in the principal sum of $86,722.90, plus interest and costs.

4.  For judgment against the Defendant, Boston Filter Co., Inc., in accordance with Count IV, for unfair and deceptive acts and practices prohibited by M.G.L., Chapter 93A, Section 11, in the amount of $86.722.90, said amount trebled or $260,168.70, plus interest, costs and attorneys' fees.

5.  For a temporary restraining order, preliminary injunction, and permanent injunction, in accordance with Count V, restraining the Defendant, Boston Filter Co., Inc., its agents, servants, successors, assigns, attorneys and/or representatives from selling, assigning, transferring, releasing, diminishing, withdrawing, encumbering, conveying or disposing of in any manner any property real, personal or mixed of any nature whatsoever in which Boston Filter Co., Inc. holds an interest of any nature whatsoever, wherever situated, including but not limited to all corporate accounts, corporate property, personal property, and any and all monies, funds, goods, effects or credits of Boston Filter co., Inc., unless and until Airflow Products Company, Inc. has

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

been paid the monies it is owed, or until further order of this Court.

6. For judgment against the Defendant, John Paul, in accordance with Count VI, for conversion, in the principal sum of $86,722.90, plus interest and costs.

7. For judgment against the Defendant, John Paul, in accordance with Count VII, on an alter ego theory, in the principal sum of $86,722.90, plus interest and costs.

8. For such other and further relief as this Honorable Court deems just, fair and equitable.

## VERIFICATION

I, Roy Boswell, President of the Plaintiff, Airflow Products Company, Inc., have read and understand the within Verified Complaint, and having been duly sworn, I do hereby state on oath that the allegations set forth herein are true and accurate, except those alleged upon information and belief, and as to those, I believe them to be true

Date: 11/3/04

*[signature]*
Airflow Products Company, Inc.
By Roy Boswell
Its President

AIRFLOW PRODUCTS COMPANY, INC.

By its attorneys,

Date: 11·4·04

*[signature]*
Robert Philip Hilson (BBO #547899)
Law Offices of Robert Philip Hilson
A Professional Corporation
175 Derby Street, Suite 12
Hingham, Massachusetts 02043
(781) 740-4118

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043
(781) 740-4118

f:\wp61\docs\air-bos.co2

10